UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | Case No. 1:23-cr-83 |
|---|---|---|
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| STERLING SMITH | ) | Magistrate Judge Steger |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Sterling Smith's Motion to Dismiss [Doc. 32] and Supplemental Motion to Dismiss [Doc. 46]. Defendant argues that the statute relied upon in the Indictment, 18 U.S.C. § 922(g)(1), violates the Second Amendment as applied to him. For the reasons explained below, both Defendant's Motion [Doc. 32] and Supplemental Motion [Doc. 46] will be **DENIED**.

I. FACTUAL BACKGROUND

The Indictment charges Defendant Sterling Smith with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). [Doc. 1]. Defendant moves to dismiss the Indictment, principally because § 922(g)(1), he argues, violates his Second Amendment rights. Defendant's criminal history includes at least five prior felony convictions. [Doc. 46 at 1]. These prior convictions, by Defendant's own admission, are for aggravated kidnapping, two separate instances of aggravated burglary, and two separate drug-related offenses. [*Id.*].

Despite his prior convictions, Defendant urges that the Supreme Court's decision in *Bruen* renders the Indictment subject to dismissal. [Doc. 36 at 7–11]. *Bruen*, in Defendant's view, supports dismissal of the Indictment for a single reason: the Government cannot, as *Bruen* requires, identify a historical analog to § 922(g)(1) to justify its present-day enforcement. [*Id.*]. The Government disagrees and contends that laws before and around the time of the United States'

founding provide ample support for a felon-in-possession prohibition. [Doc. 39 at 9–14]. Just days after these arguments became ripe for the Court's review, the Sixth Circuit issued its decision in *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024). Questions regarding historical analogs remain central to this dispute, but *Williams* did change the legal landscape. Considering *Williams*'s impact, the Court ordered the parties to file supplemental briefs addressing recent changes in the law. [Doc. 42]. The parties filed supplemental briefs, so the Court may now turn to the merits.

## II. STANDARD OF REVIEW

Defendants may challenge defects in an indictment, including its constitutionality, through a pretrial motion to dismiss, provided "the basis of the motion is then reasonably available, and the motion can be determined without a trial on the merits." FED. R. CRIM. P. 12(b)(3)(B). Constitutional challenges to indictments, and the statutes underlying them, can be facial or as-applied. On a facial challenge, "the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). An as-applied challenge, on the other hand, only requires the challenger to show the statute is unconstitutional "in the particular context in which he has acted." *Women's Med. Pro. Corp. v. Voinovich*, 130 F.3d 187, 193 (6th Cir. 1997) (citation omitted). Whether the challenge is facial or as-applied, courts must accept the indictment's factual allegations as true when ruling on a motion to dismiss. *United States v. McAuliffe*, 490 F.3d 526, 531 (6th Cir. 2007) (citation omitted).

## III. ANALYSIS

The Sixth Circuit's decision in *Williams* governs the Court's analysis. *Williams*'s in-depth historical analysis speaks for itself. What proves dispositive, at least for purposes of this motion, is *Williams*'s central holding that § 922(g)(1) is constitutional "as applied to dangerous people." *Williams*, 113 F.4th at 662–63. Indeed, as the Sixth Circuit explained, governments throughout

history have used "class-based legislation to disarm people it believes are dangerous," and governments may do so as long as "members of that class have an opportunity to show they aren't." *Id.* Through his briefing, Defendant has been given an opportunity to establish why he should not be subjected to § 922(g)(1)'s class-based disarmament of felons. Ultimately, because Defendant's criminal history demonstrates he is dangerous, his as-applied challenge fails.

Under *Williams*, it is the Court's task to determine whether a defendant is dangerous and thus properly subject to § 922(g)(1)'s disarmament provision. *Id.* at 657. The defendant, not the government, bears the burden to show he is not dangerous. *Id.* at 662. In making this dangerousness determination, the Court must consider the defendant's entire criminal history. *Id.* at 657. And certain types of prior convictions, the Sixth Circuit explained, "are highly probative of dangerousness, while others are less so." *Id.* at 658. These prior convictions fall into three buckets: crimes against the person, crimes that pose a significant threat of danger, and crimes that often pose no threat of physical harm. *Id.* at 658–59.

Only the first two buckets prove relevant here. Consider the first bucket: crimes against the person. These crimes include violent offenses such as murder, rape, assault, and robbery. *Id.* at 658 (citing *Offense Against the Person*, BLACK'S LAW DICTIONARY (12th ed. 2024)). Crimes in this category provide "at least strong evidence" of an individual's dangerousness. *Id.* As to the second bucket, it includes offenses such as drug trafficking and burglary. *Id.* at 659. These crimes "put someone's safety at risk, and thus, justify a finding of danger." *Id.*

Defendant's criminal history includes convictions for crimes in the first and second buckets. His 2016 conviction for aggravated kidnapping is likely sufficient standing alone to justify a finding of dangerousness. Kidnapping is a crime against the person. *Offense Against the Person*, BLACK'S LAW DICTIONARY (12th ed. 2024) (listing kidnapping as a common-law offense

against the person). And Tennessee law's definition of aggravated kidnapping confirms that it is a crime against the person; it requires proof, among other things, that the perpetrator interfered substantially with the victim's liberty. TENN. CODE ANN. § 39-13-302, 304. Faced with prior convictions for attempted murder and aggravated robbery, both crimes against the person, the Sixth Circuit in *Williams* had "little trouble" deeming the defendant dangerous. *Williams*, 113 F.4th at 662. Defendant's prior conviction for aggravated kidnapping, also a crime against the person, warrants the same conclusion here.

Defendant's criminal history does not stop with his conviction for aggravated kidnapping. He was also convicted of aggravated burglary twice, once in 2009 and once in 2016. Burglary falls into *Williams*'s second bucket of crimes, and the Sixth Circuit recognized that "burglary is dangerous because it 'creates the possibility of a violent confrontation between the offender and occupant.'" *Id.* at 659 (quoting *Taylor v. United States*, 495 U.S. 575, 577). This observation seems especially true of aggravated burglary, which, under Tennessee law, refers to burglary "of a habitation." TENN. CODE ANN. § 39-13-1003.[1] Habitations are more likely to be occupied than, say, a vacant warehouse, thus making a violent confrontation much more likely amid a burglary. All things considered, Defendant's convictions for aggravated kidnapping and aggravated burglary necessitate one conclusion: he "may be constitutionally disarmed through a class-based statute like § 922(g)(1)." *Williams*, 113 F.4th at 662.

In an attempt to overcome his criminal history, Defendant points to his rehabilitation efforts. [Doc. 46 at 1, 4]. Defendant emphasizes that since his last conviction, he has maintained gainful employment and worked to improve his life. [*Id.*]. The Government stresses, however, that Defendant remained incarcerated until 2021. [Doc. 48 at 4]. To be sure, the Sixth Circuit in

---

[1] Both of Defendant's aggravated burglary convictions, along with his aggravated kidnapping conviction, occurred in Knox County, Tennessee. [Doc. 39 at 2].

*Williams* did acknowledge historical patterns whereby disarmed individuals could demonstrate that they were no longer dangerous and restore their ability to keep arms. *Williams*, 113 F.4th at 654. But the Court cannot look past Defendant's multiple prior convictions for serious crimes, even if his recent efforts to reverse course prove admirable. Defendant's criminal history renders him dangerous, so his as-applied challenge to § 922(g)(1) fails.

## IV. CONCLUSION

Defendant's prior convictions for aggravated kidnapping and aggravated burglary evince his dangerousness. Considering his criminal history, Defendant cannot show that § 922(g)(1)'s disarmament of felons is unconstitutional as applied to him. Accordingly, Defendant's Motion to Dismiss [Doc. 32] and Supplemental Motion to Dismiss [Doc. 46] are both **DENIED**.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**